IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                          Case No. 2:18-cr-237

Ontario D. Jones

ORDER

Defendant has filed a motion to dismiss the indictment. Defendant contends that the indictment is defective because: 1) there is no signature or endorsement by United States Attorney Benjamin C. Glassman; 2) there is no signature or endorsement by the grand jury foreperson; and 3) there is no signature or seal of the clerk of court on the indictment. Defendant argues that in light of these defects, the indictment is no more than a bill of information, and he has not consented to waive his right to be tried by way of information.

As to the first argument above, Fed. R. Crim. P. 7(c)(1) requires that an indictment "must be signed by an attorney for the government." The primary purpose of this requirement is to indicate that an attorney for the government joins with the grand jury in instituting a criminal proceeding. United States v. Wright, 365 F.2d 135, 137 (7th Cir. 1966). The language of Rule 7(c)(1) does not require the signature of the United States Attorney. An assistant United States attorney is "an attorney for the government." The signature of an assistant United States attorney is sufficient to indicate the necessary agreement of the government with the action taken by the grand jury. United States v. Walls, 577 F.2d 690, 696 (9th Cir. 1978); United States v. Denham, No. 14-20115, 2015 WL 4274889 at *2 (E.D.Mich. July 14, 2015).

In this case, the redacted copy of the indictment filed on the public record contains the s-slash signatures of the two assistant United States attorneys on this case. However, the record also includes the unredacted sealed indictment which the court has inspected in camera. The sealed indictment contains the actual inked signatures of the assistant United States attorneys. Rule 7(c)(1) was complied with in this case.

Defendant also argues that the indictment does not contain the signature of the grand jury foreperson. Fed. R. Crim. P. 6(c) states that the foreperson "will sign all indictments." The indictment on the public record contains the s-slash signature of the foreperson. The redacted copy of the indictment was filed on the public record because the E-Government Act of 2002 requires that the actual signature page of the indictment be kept under seal in the clerk's office to protect the privacy of the foreperson. See United States v. Williams, Criminal Action No. 4:08cr87, 2010 WL 11635778 at *8 (E.D.Va. June 30, 2010); United States v. Eskridge, Criminal No. 1:05CR229, 2009 WL 963587 at *1 (W.D.N.C. April 8, 2009). See also Fed. R. Crim. P. 6(e)(relating to the secrecy of grand jury proceedings).

The court has examined the unredacted sealed indictment in camera and has determined that the sealed indictment contains the inked signature of the grand jury foreperson. Even if the signature had been missing, the foreperson's duty to sign the indictment is a clerical formality, and the absence of a foreperson's signature is a mere technical irregularity which does not warrant the dismissal of the indictment. Hobby v. United States, 468 U.S. 339, 334-345 (1984); Frisbie v. United States, 157

2

U.S. 160, 163-65 (1895). See also Wright v. Hooks, No. 17-4069, 2018 WL 1773120 at *1 (6th Cir. Mar. 8, 2018)(absence of a foreman's signature is a mere technical defect, not a jurisdictional defect); United States v. Willaman, 437 F.3d 354, 360-61 (3d Cir. 2006)(failure of the grand jury foreperson to sign the indictment was a mere technical deficiency).

Defendant also argues that the indictment is invalid because it does not contain the signature and seal of the clerk of court. The indictment and sealed indictment include the machine file stamp bearing the name of Richard W. Nagel, Clerk of Court for the U.S. District Court for the Southern District of Ohio, Eastern Division, and the date and time of filing, that being November 13, 2018, at 2:37 p.m. This stamp, and the fact that these documents have also been entered on the electronic docket of the clerk of this court, are sufficient to establish that the indictment was duly filed with the clerk of court for the United States District Court for the Southern District of Ohio. Rule 7(c)(1), which governs the nature and content of indictments, contains no language about an indictment containing the signature and seal of the clerk of court. Defendant may be confusing Rule 7 with Fed. R. Evid. 902(1) and 902(4), which require the signature and seal of the clerk of court if a party seeks to admit a copy of a court document into evidence as a self-authenticating public record. Rule 7 contains no such requirement. The indictment in this case is not invalid because it lacks the actual signature and seal of the clerk of court.

Defendant has been charged by way of a valid indictment signed by the appropriate parties as required by Rules 6 and 7, not by way

3

of an information.  Defendant's motion fails to state any ground for the dismissal of the indictment returned in his case.  The motion to dismiss (Doc. 27) is denied.

Date: April 18, 2019             <u>    s/James L. Graham    </u>
                                 James L. Graham
                                    United States District Judge